1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ERIN R. AMIE,                          1:20-cv-00244-JLT (PC)

12              Plaintiff,                   **ORDER DENYING MOTION FOR**
                                            **APPOINTMENT OF COUNSEL**
13        v.
                                            (Doc. 3)
14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16              Defendants.

17

18        Plaintiff moves for the appointment of counsel. Plaintiff, however, does not have a

19   constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525

20   (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28

21   U.S.C. ' 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa,

22   490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  In certain exceptional circumstances, though,

23   the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand,

24   113 F.3d at 1525.

25        Without a reasonable method of securing and compensating counsel, the court will seek

26   volunteer counsel only in the most serious and exceptional cases.  In determining whether

27   exceptional circumstances exist, the district court must evaluate both the "likelihood of success of

28   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot determine that plaintiff is likely to succeed on the merits. Also, review of the record in this case, demonstrates the plaintiff can adequately articulate his claims. For the foregoing reasons, plaintiff's motion for the appointment of counsel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: __**April 14, 2020**__          _____**/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE