UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN R. AMIE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:20-cv-0244-JLT (PC)<br><br>**ORDER TO ASSIGN A DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR INJUNCTIVE RELIEF**<br><br>(Doc. 5)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff moves for a preliminary injunction and a temporary restraining order that, as best as the Court can determine, relates to both his ability to send out legal mail and his receipt of medical care and treatment. (Doc. 5.) This motion follows the filing of a complaint that, by separate order, has been screened and found to be so vague and conclusory that the Court cannot determine if plaintiff states a claim. The Court is awaiting a response to its screening order.

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment." Sierra On–

1 Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Valley Force Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). Here, plaintiff is not proceeding on any cognizable claim, meaning there is not yet an actual case or controversy before the Court.

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general or over the conditions. Summers v. Earth Island Institute, 555 U.S. 488, 492–493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims on which this action is proceeding. Summers, 555 U.S. at 492–493; Mayfield, 599 F.3d at 969. Accordingly, the Court **ORDERS:**

    1.    The Clerk of the Court assign a district judge to this case; and

The Court **RECOMMENDS**:

    1.    That plaintiff's motion for injunctive relief (Doc. 5) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 14, 2020**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE