<div style="display:flex">

| | |
|---|---|
| **ERIN R. AMIE,** | **CASE NO. 1:20-CV-244 AWI JLT (PC)** |
| **Plaintiff** | |
| v. | **ORDER REGARDING REQUEST TO CLOSE CASE AND PENDING MOTIONS** |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al,,** | |
| | (Doc. Nos. 5, 14, 24 through 31, and 35) |
| **Defendants** | |

</div>

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

This is a prisoner civil rights action brought by pro se incarcerated Plaintiff Erin Amie. Currently pending before the Court are four motions for a temporary restraining order or a preliminary injunction (Doc. Nos. 5, 25, 29, and 35), one Findings and Recommendation (Doc. No. 14) by the Magistrate Judge, two motions for protective custody (Doc. Nos. 21 and 30), and single motions for a bail hearing (Doc. No. 24), a motion to amend (Doc. No. 26), and a motion to file documents under seal (Doc. No. 27).

On August 6, 2020,[1] Plaintiff filed a document that was docketed as a Rule 41(a)(1) notice of voluntary dismissal. See Doc. No. 28. The notice is two pages and expressly asks the Court to "close out such action." See id. Despite Plaintiff's request to "close out such action," Plaintiff continued to make filings in this case in furtherance of litigation. To address the inconsistency of requesting the Court to close the action yet pursuing litigation after that request, the Magistrate Judge ordered Plaintiff to clarify whether he wishes to continue to pursue this case or whether he wishes to dismiss it under Rule 41. See Doc. No. 34.

On September 16, 2020, Plaintiff responded and stated that he wished to continue litigating the action. See id.

---

[1] The document is dated August 6, 2020, but was not docketed by the Clerk until August 10, 2020.

After review, the Court cannot find that Plaintiff's express desire to continue litigating is sufficient for the case to proceed. As discussed above, the Clerk reviewed Plaintiff's August 6 letter and construed it as a Rule 41(a)(1) dismissal. Not only does the Court agree that this was a reasonable interpretation, but because Plaintiff clearly requested that the action be closed, the Court also concludes that the interpretation was correct. No other purpose for the August 6 letter is apparent other than to close the case. Thus, although Rule 41 is not invoked, the August 6 letter is in substance a Rule 41(a)(1)(A)(i) notice of voluntary dismissal and will be treated as such.

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Dismissals under Rule 41(a)(1)(A), when properly filed, are effective immediately and do not require a court order/court approval. See Fed. R. Civ. P. 41(a)(1); Yesh Music v. Lakewood Church, 727 F.3d 356, 362 (5th Cir. 2013); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). Therefore, as soon as the Clerk received the August 6 letter and filed it on the docket, the case automatically terminated, despite the lack of a formal closure from the Court. See id. In fact, a formal order is wholly unnecessary. See id.

To be sure, Plaintiff has made additional filings in this Court that post-date August 6, 2020. Moreover, he has now stated that he wishes to proceed to prosecute this case. However, the case closed on August 10, 2020. Merely wishing to pursue the case is insufficient, particularly when there is no basis for continuing to litigate that is identified, or any explanation for why the August 6 letter was filed or what Plaintiff intended to accomplish from filing the August 6 letter. If Plaintiff wishes to pursue litigation over the subjects identified in his complaint and his various motions, then he must either file a new lawsuit or file a properly supported motion to reopen.

In sum, Plaintiff terminated this case automatically through the August 6 letter. This case has been closed since August 10. Therefore, the Court will instruct the Clerk to close this case in

light of the August 6 Rule 41(a)(1)(A)(i) voluntary dismissal.  Further, all pending motions and the Findings and Recommendation will be denied in light of the dismissal and closed nature of this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Because this case has terminated automatically, the Clerk shall formally CLOSE this case in light of Plaintiff's Rule 41(a)(1) notice (Doc. No. 28);
2. The Court DECLINES to adopt the Findings and Recommendation (Doc. No. 14) as moot;
3. All pending motions (Doc. Nos. 5, 24, 25, 26, 27, 29, 30, 31, and 35) are DENIED due to the voluntary dismissal filed by Plaintiff and this case's closed status.

IT IS SO ORDERED.

Dated:   September 22, 2020                         _____
                                                    SENIOR  DISTRICT  JUDGE