UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN R. AMIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00244-AWI-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE COURT'S ASSISTANCE AND MOTION TO REOPEN CASE**<br><br>(Docs. 38, 44) |

　　　　Plaintiff has filed a motion for the Court's assistance to "put a stop to control[led] feeding by medical. (Doc. 38.) Plaintiff has also objected to case closure (Docs. 39, 42) and filed a motion to reopen case (Doc. 44), with supporting declarations. (Docs. 40, 41.)

　　　　On September 22, 2020, this Court held that this case terminated automatically upon Plaintiff's filing of a Rule 41(a)(1)(A) voluntary dismissal despite the lack of a formal order. (Doc. 37.) *See Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999). The Ninth Circuit has explicitly held that "once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." *Id.* at 1076. Therefore, the Court **DENIES** Plaintiff's request for the Court's assistance filed after the voluntary dismissal and case closure. (Doc. 38.)

///

1  Plaintiff has also filed a motion to reopen the case. (Doc. 44.) Plaintiff alleges that one of
2  his witnesses was murdered, and Plaintiff was afraid he would be killed also. (Docs. 40, 42.)
3  Plaintiff moves to reopen the case because he is "in a safe place." (Doc. 44.)

4  Plaintiff does not state a rule of procedure, but liberally construing the complaint, the
5  Court will treat the motion as a Rule 60 motion for the relief from a judgment or order. Fed. R.
6  Civ. P. 60(b). Rule 60(b) provides in pertinent part:

7  On motion and just terms, the Court may relieve a party or its legal representative from a
8  final judgment, order, or proceeding for the following reasons:

9   (1) mistake, inadvertence, surprise, or excusable neglect;

10   (2) newly discovered evidence that, with reasonable diligence, could not have
         been discovered in time to move for a new trial under Rule 59(b);
11

12   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
         misconduct by an opposing party;

13   (4) the judgment is void;

14   (5) the judgment has been satisfied, released, or discharged; it is based on an
         earlier judgment that has been reversed or vacated; or applying it prospectively
15       is no longer equitable; or

16   (6) any other reason that justifies relief.

17 Fed. R. Civ. P. 60(b)(1)–(6). A motion under subsections (1), (2), and (3) must be filed within
18 one year; motions made under the other subsections must be filed "within a reasonable time."
19 Fed. R. Civ. P. 60(c)(1).

20  Plaintiff has failed to identify which subsection of Rule 60(b) or any other rule he relies
21 on for relief from the order closing the case. Plaintiff alleges that one of his witnesses was
22 murdered, and he closed the case because he feared that he would be killed also. (Docs. 40 at 1;
23 42 at 2.) Plaintiff states that he wishes to reopen the case "since he's in a safe place." (Doc. 44.)
24 Upon consideration, the Court finds Plaintiff's cursory allegations too vague to demonstrate that
25 a change in circumstances satisfies Rule 60 and justifies resumption of the litigation.
26 ///
27 ///
28 ///

Accordingly, the Court **DENIES** Plaintiff's motion to reopen this case. (Doc. 14.)

IT IS SO ORDERED.

Dated:   **August 3, 2021**              **/s/ Jennifer L. Thurston**
                                         CHIEF UNITED STATES MAGISTRATE JUDGE