1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

ERIN R. AMIE,

Case No. 1:20-cv-00244-AWI-JLT (PC)

12

Plaintiff,

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE**

13

v.

14

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

(Doc. 46)

15

16

Defendants.

17

18

Plaintiff has filed a second motion to reopen the case. (Doc. 46.) In support of his motion,

19

Plaintiff submits a partial polygraph test transcript of Jasmine Hopkins. Plaintiff argues that the

20

test results were inconclusive, fraudulent, and false. Plaintiff asserts that his conviction was due

21

to the false test.

22

Plaintiff does not state a rule of procedure, but liberally construing the pleading, the Court

23

will treat the motion as a Rule 60 motion for the relief from a judgment or order. Fed. R. Civ. P.

24

60(b). Rule 60(b) provides in pertinent part:

25

On motion and just terms, the Court may relieve a party or its legal representative from a

26

final judgment, order, or proceeding for the following reasons:

27

  (1) mistake, inadvertence, surprise, or excusable neglect;

28

  (2) newly discovered evidence that, with reasonable diligence, could not have
  been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). A motion under subsections (1), (2), and (3) must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Plaintiff has failed to identify which subsection of Rule 60(b) or any other rule he relies on for relief from the order closing the case. Plaintiff appears to challenge his underlying conviction with "new evidence" relating to a polygraph test of a witness. However, Plaintiff fails to demonstrate that a change in circumstances satisfies Rule 60 and justifies resumption of this litigation. Accordingly, the Court **DENIES** Plaintiff's motion to reopen this case. (Doc. 46.)

IT IS SO ORDERED.

Dated:   **November 28, 2021**                          **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE