UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN AMIE,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>  Defendants. | Case No. 1:20-cv-00244-KES-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION TO REOPEN CASE<br><br>(Doc. 48) |

Pending before the Court is the third motion of Plaintiff Erin Amie ("Plaintiff") to reopen the case, filed on September 5, 2025. (Doc. 48). Plaintiff contends the Court should reopen his case because he can prove that he voluntarily dismissed this case "out of fear" and because he did not want to die in prison. *Id.* at 1. He asserts that he fully understands "that action can[not] be done at this time [through] a federal civil rights § 1983 lawsuit" and that "the way to bring that issue is to file a petition for writ of habeas corpus" but that his claim here "was already part of [his] suit." *Id.* at 1-2. He seeks to reopen the case to sue Defendants under the Americans with Disabilities Act ("ADA"), and in support of his motion, submits various exhibits, including patient care notes, correspondence, and an excerpt from what appears to be an institutional staff recommendation summary. *See id.*

As with his previous motions, Plaintiff does not state a rule of procedure to support the

relief he seeks. Liberally construing the pleading, the Court will treat the motion as a Rule 60 motion for the relief from a judgment or order. Fed. R. Civ. P. 60(b). Rule 60(b) provides in pertinent part:

> On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). As Plaintiff was previously admonished in the earlier order denying his second motion to reopen the case (Doc. 47 at 2), a motion under subsections (1), (2), and (3) must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff has failed to identify which subsection of Rule 60(b) or any other rule he relies on for relief from the order closing the case. Plaintiff appears to challenge the veracity of his voluntary dismissal and assert new claims against Defendants pursuant to the ADA based on his exhibits "that will fully support all of [his] claims" (Doc. 48 at 5) under either Rule 60(b)(2) or the catchall 60(b)(6).

The Court has reviewed Plaintiff's arguments and attached filings and finds that Plaintiff has not shown any basis for the Court to depart from its previous denials of his earlier motions to reopen the case. Plaintiff again fails to demonstrate that a change in circumstances satisfies Rule 60 and justifies reopening this matter that was closed nearly five years ago. *See* (Doc. 37).

///

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiff's third motion to reopen this case (Doc. 48) is DENIED.

IT IS SO ORDERED.

Dated:  **September 11, 2025**

UNITED STATES MAGISTRATE JUDGE